44  165
45  774

R. L. McDonald & Company v. Edward J. Jenkins,
ET AL.

Filed March 5, 1895.  No. 6155.

1. **Partnership**: Evidence.  Where it is sought to charge a defendant as a copartner, the allegations of the petition being put in issue by the answer, the plaintiff is required to prove either a partnership in fact, or that the answering defendant permitted himself to be represented or held out as a partner in such way as to warrant third persons in making contracts relying upon his credit.

2. ———: ———: Directing Verdict.  Evidence examined, and *held* not to sustain the allegation of partnership, and that the district court did not err in directing a verdict for the defendant.

Error from the district court of Clay county.  Tried below before Hastings, J.

*Thomas H. Matters*, for plaintiffs in error.

*J. L. Epperson & Sons, contra*, cited, on the question of partnership: *Shriver v. McCloud*, 20 Neb., 474; *Converse v. Shambaugh*, 4 Neb., 376; *McCann v. McDonald*, 7 Neb., 305.

Post, J.

This controversy originated before a justice of the peace for Clay county, from whence it was taken by appeal to the district court of said county.  The action was for goods sold and delivered, and against Edward J. Jenkins and John P. Jenkins, doing business in the firm name of E. J. Jenkins & Co.  The first named defendant alone answered, denying all of the allegations of the petition, and specifically denying the alleged partnership.  At the conclusion of the plaintiffs' case the district court directed a verdict for the answering defendant on the ground that there was a failure

of proof upon the material allegations of the petition, and which is the ruling now assigned as error.

The evidence bearing upon the transaction involved is both meager and unsatisfactory. It may, however, be inferred from the record that during the months of May and June, 1890, John P. Jenkins was, either on his own account or otherwise, engaged in mercantile business in the city of Fairfield, in said county, although the nature of such business does not clearly appear. On the 31st day of May of said year he ordered goods from the plaintiffs amounting to $324.13, and on which there is now due a balance of $131.63 and interest. The plaintiffs' representative who took the order, referring to the transaction, testified: "I sold John P. Jenkins a bill of goods. He told me that his father [the answering defendant] had an interest in the firm." He also consulted the cashier of a local bank regarding the financial standing of the defendant, but did not see or converse with him. The goods above mentioned were in due time shipped by the plaintiffs, consigned to E. J. Jenkins & Co., at Fairfield, and were upon their arrival at that point delivered to John P. Jenkins, the latter paying the charges thereon. The agent for the railroad company, who testified for the plaintiffs, could remember of the one consignment of goods only to E. J. Jenkins & Co., and on cross-examination testified that he had never heard of such a firm. The drayman who received the goods from the railroad company testified that he presented the freight bill to the defendant, but the latter refused payment, saying he had nothing to do with the business, and that the bill was afterward paid by John P. Jenkins, who appeared to be running the store. The foregoing, which is substantially all of the evidence adduced, we think warrants the direction complained of. Under the issues the burden was upon the plaintiffs to prove either a partnership in fact or that the defendant knowingly permitted himself to be represented or held out as a partner

in such way as to warrant third persons in making contracts relying upon his credit. (Lindley, Partnership, 42; *Bucher v. Bush,* 45 Mich., 188.) It does not appear that the defendant was associated with John P. Jenkins as a partner, that he authorized the use of his name in that connection, or that he subsequently ratified the unauthorized contract. It follows that the judgment of the district court is right and must be

AFFIRMED.